IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CR-111-D
No. 5:20-CV-622-D

| | | |
|---|---|---|
| SANDY DARNELL LEDBETTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On November 20, 2020, Sandy Darnell Ledbetter ("Ledbetter" or "petitioner") moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 240-month sentence [D.E. 576] and filed a memorandum, exhibits, and an affidavit in support [D.E. 576-1 through 576-10; 584]. On March 12, 2021, the United States moved to dismiss and filed a memorandum in support [D.E. 591, 592]. On May 10, 2021, Ledbetter responded in opposition [D.E. 599, 600]. As explained below, the court grants the United States' motion to dismiss and dismisses Ledbetter's section 2255 petition.

I.

On September 11, 2017, a jury convicted Ledbetter of conspiracy to distribute and possess with the intent to distribute a quantity of cocaine (count one) and possessing a firearm in furtherance of a drug-trafficking crime (count five). See [D.E. 248, 366]. On December 13, 2017, the court held Ledbetter's sentencing hearing. See [D.E. 450, 461, 485]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). Fed. R. Crim. P. 32(i)(3)(A)–(B); PSR [D.E. 431]; Sent. Tr. [D.E. 485] 6. After an extensive discussion, the court applied a two-level enhancement to Ledbetter's base offense level for obstruction of justice for attempted witness tampering. See Sent. Tr. at 7–14. After applying that enhancement and ruling on the objections to

the PSR, the court calculated Ledbetter's offense level to be 34, his criminal history category to be II, and his advisory guideline range on count one to be 168 to 210 month's imprisonment followed by 60 months' consecutive imprisonment on count five. See id. at 46–47; [D.E. 462] 1, 4. After thoroughly considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Ledbetter to 180 months' imprisonment on count one and 60 months' consecutive imprisonment on count five, for a total term of imprisonment of 240 months. See Sent. Tr. at 64–70.

Ledbetter appealed. See [D.E. 455]. On appeal, Ledbetter challenged the sufficiency of the evidence supporting his conviction for count five and argued the district court improperly allowed the jury to hear hearsay testimony. On July 9, 2019, the United States Court of Appeals for the Fourth Circuit affirmed the district court's judgment. See United States v. Ledbetter, 781 F. App'x 154 (4th Cir. 2019) (per curiam) (unpublished). On August 23, 2019, the Fourth Circuit denied Ledbetter's petition for a rehearing. See [D.E. 531].

On November 20, 2020, Ledbetter moved to vacate, set aside, or correct his sentence under section 2255 [D.E. 576]. On March 12, 2021, the government moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) [D.E. 591]. Ledbetter opposes the motion.

II.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S.

2

at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

In his section 2255 motion, Ledbetter argues he received ineffective assistance of counsel because (1) trial counsel failed to object to the court's jury instructions on count five; (2) trial counsel failed to object to the court's alleged violation of Federal Rule of Criminal Procedure 32(h) at Ledbetter's sentencing hearing; (3) appellate counsel failed to raise the jury instruction and Rule 32(h) issues on direct appeal; and (4) pretrial counsel failed to advise Ledbetter that he could enter an open plea without a plea agreement. See [D.E. 576-1] 10–23; [D.E. 600] 10–23.[1]

The "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lee v.

---

[1] Ledbetter had multiple attorneys in this case. The court distinguishes them based on the stage of the proceedings in which they represented Ledbetter.

3

United States, 137 S. Ct. 1958, 1964–65 (2017); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 202–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 202–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Ledbetter must show (1) that his attorney's performance fell below an objective standard of reasonableness and (2) that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt "to eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

### A.

As for trial counsel's alleged failure to object to the court's jury instructions on count five, Ledbetter has failed to plausibly allege deficient performance. On count five, the court instructed the jury that to find Ledbetter guilty, the jury had to find that the government proved two elements beyond a reasonable doubt: "[f]irst, the defendant, Sandy Darnell Ledbetter, committed the drug trafficking crime charged in Count 1 of the indictment; and second, the defendant, Sandy Darnell Ledbetter, aiding and abetting at least one other person, knowingly possessed a firearm in furtherance

4

of [a] drug trafficking crime charged -- of the drug trafficking crime charged in Count 1." Trial Tr. [D.E. 405] 116. The court also instructed the jury that "Count 1 of the indictment is a drug trafficking crime." Id. at 117. The court also defined the terms "knowingly," "possess," "firearm," and "in furtherance of" for the jury. See id. at 108–09, 117–18.

These instructions were proper. See United States v. Miltier, 882 F.3d 81, 89 (4th Cir. 2018) (stating a jury instruction is not erroneous if "in light of the whole record, [the instruction] adequately informed the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." (quotation omitted)); Noel v. Artson, 641 F.3d 580, 586 (4th Cir. 2011) (same). The elements of a section 924(c)(1) offense are that the defendant "(1) committed a drug trafficking offense and (2) possessed a firearm (3) in furtherance of that drug offense." United States v. Moody, 2 F.4th 180, 192 (4th Cir. 2021); see United States v. Pineda, 770 F.3d 313, 316–17 (4th Cir. 2014); United States v. Lomax, 293 F.3d 701, 704–05 (4th Cir. 2002). As for the drug-trafficking predicate, a defendant need not be convicted of that offense "as long as all of the elements of that offense are proved and found beyond a reasonable doubt." United States v. Nelson, 484 F.3d 257, 261 (4th Cir. 2007) (quotation omitted); see United States v. Crawley, 2 F.4th 257, 264 (4th Cir. 2021), petition for cert. docketed (U.S. Nov. 19, 2021) (No. 21-6361); United States v. Crump, 120 F.3d 462, 466 (4th Cir. 1997).

The court ensured that the jury found all elements of the predicate offense in count one beyond a reasonable doubt before convicting Ledbetter on count five. Before instructing the jury on count five, the court instructed the jury on count one (a drug-trafficking offense) and fully explained the elements necessary for a conviction on count one. See Trial Tr. at 110–15. After thoroughly instructing the jury on count one, the court then separately instructed the jury on count five. In so doing, the court expressly instructed the jury that to convict Ledbetter on count five, it had to find

5

beyond a reasonable doubt that Ledbetter "committed the drug trafficking crime charged in Count 1." Id. at 116. Thus, the court instructed that any guilty verdict on count five was contingent on the jury finding beyond a reasonable doubt that Ledbetter committed the drug-trafficking crime in count one. Telling the jury that, as a matter of law, count one constituted a drug-trafficking crime did not alter or otherwise confuse the court's clear instruction explaining the elements of count five or the contingent relationship between counts one and five.

In its instructions, the court did not instruct the jury that Ledbetter committed count one. Likewise, the court did not instruct the jury that it could convict Ledbetter of count five if the jury found Ledbetter not guilty of count one. In contrast, the court expressly instructed the jury that to find Ledbetter guilty of count five, it had to find beyond a reasonable doubt that Ledbetter "committed the drug trafficking crime charged in Count 1." Id. at 116. That instruction correctly explained an element of a section 924(c)(1) offense while leaving the jury to "(1) determin[e] the facts as to [that] element, and (2) appl[y] the law as instructed by the judge to those facts." United States v. Ramirez-Castillo, 748 F.3d 205, 213 (4th Cir. 2014) (quotation omitted). The jury then determined the facts by finding Ledbetter guilty of count one and thus finding that the government proved the first element of count five beyond a reasonable doubt. See [D.E. 366]. Thus, the court properly instructed the jury on count five.

Objecting to the court's instruction on count five would have been baseless, and trial counsel did not perform deficiently by not making a baseless objection. See, e.g., Knowles v. Mirzayance, 556 U.S. 111, 124–28 (2009); Strickland, 466 U.S. at 687–91; United States v. Surginer, 64 F.3d 661, 1995 WL 494914, at *2 (4th Cir. 1995) (per curiam) (unpublished table decision). Moreover, even if not baseless, trial counsel did not need to "raise every available nonfrivolous" argument to provide effective representation. See, e.g., Knowles, 556 U.S. at 126–27. Rather, trial counsel's

6

"reasonable appraisal of a claim's dismal prospects for success" is reason enough not to raise it. Id. at 127. Thus, Ledbetter has not plausibly alleged deficient performance.

Alternatively, Ledbetter has not plausibly alleged prejudice. Specifically, Ledbetter has not plausibly alleged that objecting to the court's instruction on count five would have been successful or that, had the court given different instructions, the jury would have returned a verdict of not guilty on count five. Stated differently, Ledbetter has not plausibly alleged "that, but for counsel's [alleged] unprofessional error, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; see Lee, 137 S. Ct. at 1967–69; Hill v. Lockhart, 474 U.S. 52, 59 (1985); Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992). Accordingly, Ledbetter has not plausibly alleged prejudice from the alleged error, and his claim fails.

B.

As for trial counsel's alleged failure to object to the court's supposed violation of Rule 32(h), Ledbetter has failed to plausibly allege deficient performance. Rule 32(h) requires a court to "give the parties reasonable notice" of "any ground on which the court is contemplating a departure" from the advisory guideline range. Fed. R. Crim. P. 32(h). A departure "refers only to non-Guidelines sentences—i.e., sentences outside the properly calculated Guidelines range—imposed for reasons within the Guidelines' framework." United States v. Williams, 5 F.4th 500, 505–06 (4th Cir. 2021) (citing Irizarry v. United States, 553 U.S. 708, 714 (2008)), petition for cert. docketed (U.S. Oct. 26, 2021) (No. 21-6070); see also Burns v. United States, 501 U.S. 129, 133–39 (1991). The court was not required under Rule 32(h) to give the parties notice of a possible obstruction enhancement. The application of an obstruction enhancement is part and parcel of the advisory guideline calculation, not a decision to depart. See Irizarry, 553 U.S. at 714; Burns, 501 U.S. at 133–39. Stated differently, applying an obstruction enhancement is not an instance of a court going outside a

7

correctly calculated advisory guideline range "for reasons within the Guidelines' framework." Williams, 5 F.4th at 505–06. Instead, applying an obstruction enhancement was a necessary correction to the advisory guideline calculation in light of credible trial testimony, not a departure within the meaning of Rule 32(h). See Sent. Tr. at 7–10; Irizarry, 553 U.S. at 714; Burns, 501 U.S. at 133–39; Williams, 5 F.4th at 505–06. Once the court correctly calculated the advisory guideline range, the court imposed a sentence on count one within the advisory guideline range (i.e., a 180-month sentence within an advisory guideline range of 168 to 210 months). Accordingly, objecting at sentencing based on Rule 32(h) would have been frivolous, and trial counsel was not deficient for making substantive arguments against the obstruction enhancement rather than making an unwarranted objection under Rule 32(h). See Sent. Tr. at 11–12.

Alternatively, Ledbetter has not plausibly alleged prejudice. Even if trial counsel had objected and the court had continued Ledbetter's sentencing hearing to give the parties time to consider the obstruction enhancement, Ledbetter does not plausibly allege the result would have been different. See Strickland, 466 U.S. at 694; see also Lee, 137 S. Ct. at 1967–69; Hill, 474 U.S. at 59; Fields, 956 F.2d at 1297. Notably, the court stated at Ledbetter's sentencing hearing that it would have imposed the same sentence based on the arguments of trial counsel, the entire record, and the 18 U.S.C. § 3553(a) factors even if it had miscalculated the advisory guideline range. See Sent. Tr. at 70–71; see also United States v. Gomez-Jimenez, 750 F.3d 370, 385–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 164–65 (4th Cir. 2012). Thus, Ledbetter has not plausibly alleged prejudice.

C.

As for appellate counsel's alleged failure to raise the jury instruction and Rule 32(h) issues on direct appeal, Ledbetter does not plausibly allege deficient performance. "Effective assistance

8

of appellate counsel does not require the presentation of all issues on appeal that may have merit." United States v. Mason, 774 F.3d 824, 828–29 (4th Cir. 2014) (quotation omitted); see Lawrence v. Branker, 517 F.3d 700, 709 (4th Cir. 2008). Instead, an attorney provides ineffective assistance "only when ignored issues are clearly stronger than those presented." Mason, 774 F.3d at 829 (quotation omitted); see Smith v. Robbins, 528 U.S. 259, 288 (2000).

As explained, objecting to the jury instructions for count five or objecting under Rule 32(h) at Ledbetter's sentencing hearing would have been baseless. Raising those arguments on direct appeal would have been equally baseless. In contrast, Ledbetter's appellate counsel properly focused on stronger arguments—i.e., the sufficiency of the evidence and evidentiary rulings related to count five. Although the Fourth Circuit ultimately affirmed Ledbetter's conviction, it agreed with Ledbetter that the district court erred by admitting certain hearsay testimony. See Ledbetter, 781 F. App'x at 156. That ruling highlights the comparative strength of appellate counsel's arguments on direct appeal in contrast to the meritless arguments Ledbetter now argues his appellate counsel should have raised. Accordingly, Ledbetter has not plausibly alleged the deficient performance of appellate counsel. Furthermore, in light of the substantial weaknesses of Ledbetter's arguments regarding the court's jury instructions and supposed failure to give notice under Rule 32(h), Ledbetter has not plausibly alleged prejudice because he has not plausibly alleged that the result of his direct appeal would have been different had appellate counsel raised the jury instruction and Rule 32(h) issues. See Strickland, 466 U.S. at 694; see also Lee, 137 S. Ct. at 1967–69; Hill, 474 U.S. at 59; Fields, 956 F.2d at 1297.

D.

As for pretrial counsel's failure to advise Ledbetter of the possibility of entering an open plea, Ledbetter does not plausibly state a claim. According to Ledbetter, pretrial counsel told him that if

9

he did not enter into a cooperation agreement with the United States, the United States would indict Ledbetter for possession of a firearm in furtherance of a drug-trafficking crime. See Ledbetter Aff. [D.E. 584] ¶¶ 4–7. When Ledbetter refused to cooperate, the government filed a superseding indictment charging Ledbetter with count five. See id. ¶ 7; [D.E. 248] 5–6. Ledbetter argues that pretrial counsel's performance prejudiced him because if Ledbetter had known he could plead guilty without a plea agreement, he would have quickly entered an open plea to count one and thus avoided being charged with count five. See [D.E. 576] 21–23. But Ledbetter did not plead guilty. Instead, he exercised his constitutional rights, received a full and fair trial, and now claims that had he known better, he would have given up those rights.

Ledbetter essentially argues that pretrial counsel's allegedly deficient performance deprived him of entering an open plea rather than enjoying the trappings of a full and fair criminal trial. Where a defendant alleges he was prejudiced by having to stand trial, "[t]he standard Strickland inquiry governs, and a defendant establishes prejudice by showing that but for the ineffective assistance of counsel, there is a reasonable probability that he would have accepted a plea, that the court would have approved its terms, and that the resulting conviction or sentence would have been less severe than that actually imposed." United States v. Mayhew, 995 F.3d 171, 177 (4th Cir. 2021) (quotations omitted); see Lafler, 566 U.S. at 164. Ledbetter alleges that but for pretrial counsel's failure to tell Ledbetter he could enter an open plea, Ledbetter would have entered an open plea to count one. Assuming the court would have accepted his plea, Ledbetter argues his sentence would have been 60 months shorter because an open plea would have prevented the government from charging Ledbetter with count five. See [D.E. 576] 21–23. Ledbetter also argues that if he had entered an open plea, his sentence would have been shorter because he would have received a downward adjustment under the advisory Guidelines for acceptance of responsibility. See [D.E.

10

600] 23.

Ledbetter has not plausibly stated a claim. As for avoiding a section 924(c) charge, Ledbetter's allegations are legally deficient because Ledbetter incorrectly asserts that an open plea would have protected him from sustaining a section 924(c) conviction. Prosecutors have discretion to threaten more serious charges if a defendant does not plead guilty, and the prosecutor may bring those charges so long as the prosecutor has probable cause that the defendant is guilty and the prosecutor is not acting upon an unjustifiable standard. See Bordenkircher v. Hayes, 434 U.S. 357, 364–65 (1978). When Ledbetter refused to cooperate with the government, the prosecutor filed a superseding indictment charging Ledbetter with count five. Thus, pretrial counsel correctly informed Ledbetter of the circumstances of his case and the consequences of not accepting the government's plea agreement.

However, Ledbetter argues pretrial counsel should have told him he could enter an open plea in count one, and his entering an open plea would have precluded the section 924(c) charge. Even if the prosecutor could not have sought a superseding indictment after Ledbetter's open plea, Ledbetter does not plausibly allege such a plea would have barred the prosecutor from initiating new criminal proceedings against Ledbetter charging him with a section 924(c) offense. See, e.g., United States v. Khan, 769 F. App'x 620, 623–25 (10th Cir. 2019) (unpublished). In fact, an open plea might have aided the prosecution because Ledbetter would have admitted under oath to committing a section 924(c) predicate offense. Likewise, an open plea to count one would have exposed Ledbetter to 20 years in prison, which is the sentence that he received. See 21 U.S.C. § 841(b)(1)(C).

Pretrial counsel correctly told Ledbetter that the prosecutor would charge him under section 924(c) if Ledbetter did not cooperate. Furthermore, had pretrial counsel advised Ledbetter to enter

11

an open plea, it would have highly prejudiced Ledbetter by making him more vulnerable to the section 924(c) charge. Thus, pretrial counsel gave Ledbetter reasonable advice. Moreover, Ledbetter failed to plausibly allege that an open plea would have prevented the government from charging him under section 924(c). Accordingly, Ledbetter has failed to plausibly allege that but for pretrial counsel's performance, the court would have imposed a shorter sentence because Ledbetter would not have sustained a 60-month consecutive sentence for a section 924(c) conviction.

As for not receiving a downward adjustment for acceptance of responsibility, Ledbetter fails to plausibly allege prejudice. Had Ledbetter entered an open plea, Ledbetter may have received a two-level reduction to his offense level for acceptance of responsibility. See U.S.S.G. § 3E1.1(a). However, if Ledbetter was not convicted under 18 U.S.C. § 924(c)(1)(A), the advisory guideline range would have included a two-level firearm enhancement under U.S.S.G. § 2D1.1(b)(1). Furthermore, Ledbetter still might have received an obstruction of justice enhancement. Thus, his advisory guideline range might not have been lower. In any event, Ledbetter makes no argument, and thus fails to plausibly allege, that a lower offense level would have resulted in a lower sentence. Cf. [D.E. 600] 23. Tellingly, at Ledbetter's sentencing hearing, the court stated that "having fully considered all the 3553(a) factors, all of the arguments of counsel, the entire record, [and] Mr. Ledbetter's allocution . . . I'd impose the same sentence as an alternative variant sentence if I have miscalculated the advisory guideline in any way . . . . This is the sentence that is sufficient, but not greater than necessary, for all the 3553(a) factors that I've discussed in connection with Sandy Darnell Ledbetter." Sent. Tr. at 70–71. In light of the court's alternative variant sentence, Ledbetter makes no argument for why the court would have balanced the record, arguments of counsel, and the section 3553(a) factors differently had the court considered an advisory guideline range giving Ledbetter credit for acceptance of responsibility. Thus, Ledbetter has failed to plausibly allege the

12

prejudice necessary to state a claim of ineffective assistance of counsel, and his claim fails.

E.

After reviewing the claims presented in Ledbetter's motion, the court finds that reasonable jurists would not find the court's treatment of Ledbetter's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

III.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 591], DISMISSES petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [D.E. 576], and DENIES a certificate of appealability.

SO ORDERED. This the 6 day of December, 2021.

JAMES C. DEVER III
United States District Judge